IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VERONICA SHIRLEY, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) | Case No. 22-cv-00278 |
| ) | |
| v. ) | Honorable Elaine E. Bucklo |
| ) | |
| REYNOLDS CONSUMER PRODUCTS, LLC, ) ) | |
| Defendants. ) | |

**REYNOLDS CONSUMER PRODUCTS, LLC'S MOTION TO DISMISS
PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) and 12(b)(6)**

Reynolds Consumer Products, LLC's ("Reynolds"), hereby respectfully moves this Court pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss the Complaint of Plaintiff Veronica Shirley ("Plaintiff") with prejudice.

1. Plaintiff alleges that she purchased Reynolds Wrap aluminum foil and the box included a label stating, "Foil Made in U.S.A." Plaintiff alleges this statement is somehow deceptive because some of the raw materials used to make the foil allegedly are imported.

2. Based on these allegations, Plaintiff asserts nine claims, including under the Illinois Consumer Fraud and Deceptive Business Practice Act ("ICFA") and other states' consumer fraud acts (Count 2), as well as claims for breach of contract, express warranty, implied warranty, violation of the Magnuson Moss Warranty Act ("MMWA"), negligent misrepresentation, fraud, and unjust enrichment. All of Plaintiff's claims should be dismissed.

3. *First*, the ICFA claim fails because Plaintiff does not allege facts plausibly showing actual damages, and this claim duplicates her contract claim.

1

4. *Second*, Plaintiff lacks standing to assert claims under the laws of any state other than Illinois because she was not injured in those other states.

5. *Third*, the warranty claims fail because Plaintiff failed to provide the required pre-suit notice.

6. *Fourth*, the warranty and contract claims fail because Plaintiff did not contract with and is not in privity with Reynolds.

7. *Fifth*, the negligent misrepresentation claim is barred by the economic loss doctrine.

8. *Sixth*, Plaintiff does not allege facts showing scienter, and thus her fraud claim fails.

9. *Seventh*, the unjust enrichment claim duplicates Plaintiff's other claims and thus fails for the same reasons.

10. And finally, Plaintiff does not allege facts plausibly showing any imminent or substantial future injury and thus lacks standing to seek injunctive relief.

WHEREFORE, for the reasons stated herein and in Reynolds's accompanying Memorandum of Law, Reynolds respectfully requests that the Court dismiss with prejudice Plaintiff's Complaint and grant such additional and further relief as the Court deems proper and just.

Dated: June 10, 2022                    **REYNOLDS CONSUMER PRODUCTS, LLC**

By: */s/ Jonathan H. Claydon*
     One of Its Attorneys

Jonathan H. Claydon
David S. Repking
Brian C. Miller
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
T: (312) 456-8400
F: (312) 456-8435
claydonj@gtlaw.com

repkingd@gtlaw.com
millerb@gtlaw.com

3

## **CERTIFICATE OF SERVICE**

      I, David S. Repking, an attorney, certify that I electronically filed Defendant Reynolds Consumer Products, LLC's Memorandum of Law in Support of its Motion to Dismiss the Complaint with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties of record on June 10, 2022.

                                            */s/ David S. Repking*
                                            Attorney for Defendant
                                            Reynolds Consumer Products, LLC